UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FRANK TUCKER,

        Plaintiff,

v.                                                   Civil Action No. 3:10CV010

NCO FINANCIAL SYSTEMS, INC.

Serve: CT Corporation System
        Registered Agent
        4701 Cox Road, Suite 301
        Glen Allen, Virginia 23060

        Defendant.

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337. Venue in this District is proper in that the defendant transacted business in this state and the plaintiff chooses to bring this action here.

### III. PARTIES

3. Plaintiff, Frank Tucker, is a natural person residing in Chesapeake, Virginia.

4. Defendant, NCO Financial Systems, Inc. is a corporation engaged in the business of collecting debts in this state with its principal place of business located in Horsham, Pennsylvania. One of the principal purposes of NCO Financial Systems, Inc. is the collection of debts using the mails and telephone and it regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

6. Plaintiff has a Discover credit card with account number ending in 5333 and a balance of $8,986.12 as of October 10, 2010. A copy of Plaintiff's October 2010 Discover statement is attached as **EXHIBIT A**.

7. Plaintiff was behind on his payments on his Discover card and the debt was assigned to Defendant for collection. In approximately February 2010, Defendant made its initial communication with the Plaintiff by calling him at work and demanded payment on the alleged debt. Plaintiff told Defendant he was at work and his employer prohibits these types of calls. Defendant continued to call Plaintiff at work despite knowing that these types of calls are prohibited.

8. Between February 2010 and November 2010, Defendant called Plaintiff almost every day, frequently three and four times a day, asking Plaintiff to call Defendant. Sometimes Plaintiff would answer the phone and there would be no answer

so Plaintiff would hang up. In August 2010, Plaintiff spoke to a collector who worked for Defendant who stated she was calling on behalf of Defendant for a Discover card debt. Plaintiff has spoken to a collector who calls herself "Angie," who stated that she was calling for Defendant.

9. In September 2010, Defendant began calling Plaintiff's mother, Mrs. Alda Tucker (hereinafter "Mrs. Tucker"), who lives in Virginia Beach, Virginia and whose telephone number is 757-499-3942. During the first call, Defendant asked Mrs. Tucker if they could speak to "Mr. Tucker." Mrs. Tucker stated that he did not live with her. Mrs. Tucker asked what Defendant was calling for and Defendant provided details of the alleged debt including the total amount allegedly owed. Mrs. Tucker told Defendant not to call her again and that she was not providing location information for Plaintiff. Since the initial call, Defendant has called Mrs. Tucker approximately two (2) times a day asking to speak to Plaintiff.

10. Defendant has never sent Plaintiff any written communication including the thirty day validation notices required pursuant to FDCPA §1692(g)(a). During the phone communications, Defendant has never stated that this is a communication from a debt collector and any information obtained will be used for that purpose as required by §1692(e)(11).

11. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a) Communicating with the debtor at places known to be inconvenient to my client, including his place of employment despite being repeatedly told to stop §1692c(a)(1&3));

b) Engaging in conduct of which the natural consequence is to harass, oppress, or abuse and causing my client's telephone to ring with intent to annoy, abuse, or harass §1692d(2)(5));

c) Failing to provide the required notices at the time of initial contact and/or in writing within five days thereafter §1692g(a);

d) Communicating with persons other than Plaintiff <u>for purposes other than to locate my client</u> and communicating specific information about the debt owed §1692b(1 &3));

e) Failing to disclose in the initial communication that the communication is an attempt to collect a debt and any information obtained will be used for that purpose §1692(e)(11).

## V. FIRST CLAIM FOR RELIEF

12. Plaintiff repeats, realleges, and incorporates by reference the preceding paragraphs

13. Defendant violated the FDCPA as noted above.

14. As a result of the above violations of the FDCPA, the defendant is liable to the plaintiff for plaintiff's statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the defendant for the following:

A. Statutory damages pursuant to 15 U.S.C. §1692k.

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k.

C. For such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

**Respectfully submitted,**
**FRANK TUCKER**

_____
Counsel for Plaintiff

John Cole Gayle, Jr.
VSB No. 018833
The Consumer Law Group, P.C.
5905 West Broad Street, Suite 303
Richmond, Virginia 23230
(804) 282-7900
(804) 673-0316 fax
jgayle@theconsumerlawgroup.com

Counsel for Plaintiff